1  AMY W. SCHULMAN
   DLA PIPER LLP
2  1251 Avenue of the Americas
   New York, NY 10020
3  Telephone: (212) 335-4500
   Facsimile: (212) 335-4501
4  amy.schulman@dlapiper.com

5  STUART M. GORDON (SBN: 037477)
   GORDON & REES LLP
6  Embarcadero Center West
   275 Battery Street, Suite 2000
7  San Francisco, CA 94111
   Telephone: (415) 986-5900
8  Facsimile: (415) 986-8054
   sgordon@gordonrees.com
9
10 MICHAEL C. ZELLERS (SBN: 146904)
   TUCKER ELLIS & WEST LLP
11 515 South Flower Street, Suite 4200
   Los Angeles, CA 90071-2223
12 Telephone: (213) 430-3400
   Facsimile: (213) 430-3409
13 michael.zellers@tuckerellis.com

14 Attorneys for Defendants
   PFIZER INC., PHARMACIA CORPORATION, AND
15 G.D. SEARLE LLC

16              UNITED STATES DISTRICT COURT

17            NORTHERN DISTRICT OF CALIFORNIA

18              SAN FRANCISCO DIVISION

19 IN RE CELEBREX AND BEXTRA          ) MDL Docket No. 1699
   MARKETING, SALES PRACTICES AND     )
20 PRODUCTS LIABILITY LITIGATION      ) CASE NO. 3:08-cv-1008-CRB
   _____    )
21 This document relates to           ) **PFIZER INC., PHARMACIA
                                      ) CORPORATION, AND G.D.
22 MARIE A. TEAL,                     ) SEARLE, LLC'S ANSWER TO
                                      ) COMPLAINT**
23           Plaintiff,               )
                                      ) **JURY DEMAND ENDORSED
24       vs.                          ) HEREIN**
                                      )
25 PFIZER, INC., PHARMACIA CORPORATION,)
   and G.D. SEARLE, LLC,              )
26                                    )
           Defendants.               )
27 _____    )

28

*(left margin vertical text)* Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiff's Complaint as

2   "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC

3   (improperly captioned in Plaintiff's Complaint as "G.D. Searle, LLC") ("Searle") (collectively

4   "Defendants"), and file this Answer to Plaintiff's Complaint ("Complaint"), and would

5   respectfully show the Court as follows:

6    **I.**

7    **PRELIMINARY STATEMENT**

8    The Complaint does not state in sufficient detail when Plaintiff was prescribed or used

9   Bextra® (valdecoxib) ("Bextra®").  Accordingly, this Answer can only be drafted generally.

10   Defendants may seek leave to amend this Answer when discovery reveals the specific time

11   periods in which Plaintiff was prescribed and used Bextra®.

12    **II.**

13    **ANSWER**

14    **Response to Allegations Regarding Parties**

15   1.    Defendants admit that Plaintiff brought this civil action seeking monetary damages, but

16   deny that Plaintiff is entitled to any relief or damages.  Defendants admit that, during certain

17   periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States

18   to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

19   accordance with their approval by the FDA.  Defendants admit that, during certain periods of

20   time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed,

21   co-promoted and distributed Bextra® in the United States to be prescribed by healthcare

22   providers who are by law authorized to prescribe drugs in accordance with their approval by the

23   FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance

24   with its FDA-approved prescribing information.  Defendants state that the potential effects of

25   Bextra® were and are adequately described in its FDA-approved prescribing information,

26   which was at all times adequate and comported with applicable standards of care and law.

27   Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage,

28   and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

2.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

3.     Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York. Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Bextra® in the United States, including the States of California and New Mexico, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

4.     Defendants admit that Searle is a Delaware limited liability company with its principal place of business in Illinois. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

5.     Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey. Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted Bextra® in the United States, including the States of California and New Mexico, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny the remaining allegations in this Paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Response to Allegations Regarding Jurisdiction and Venue**

6.     Defendants are without knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the amount in controversy, and, therefore, deny that the same.  However, Defendants admit that Plaintiff claims that the amount in controversy exceeds $75,000, exclusive of interests and costs.

7.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship, and, therefore, deny the same.  However, Defendants admit that Plaintiff claims that the parties are diverse.  Defendants deny the remaining allegations in this paragraph of the Complaint.

8.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the judicial district in which the asserted claims allegedly arose, and, therefore, deny the same.  Defendants deny committing a tort in the States of California and New Mexico, and deny the remaining allegations in this paragraph of the Complaint.

9.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States, including the States of California and New Mexico, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants admit that they do business in the State of Texas.  Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Response to Allegations Regarding Interdistrict Assignment**

10.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac. and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial Panel on Multidistrict Litigation on September 6, 2005.

**Response to Factual Allegations**

11.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's citizenship, medical condition, and whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants deny that Bextra® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

12.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

13.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

14.    Defendants admit that Bextra® was expected to reach consumers without substantial change from the time of sale.  Defendants are without knowledge or information sufficient to

1   form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and,

2   therefore, deny the same.  Defendants deny the remaining allegations this paragraph of the

3   Complaint.

4   15.    Defendants state that Bextra® was and is safe and effective when used in accordance

5   with its FDA-approved prescribing information.  Defendants state that the potential effects of

6   Bextra® were and are adequately described in its FDA-approved prescribing information,

7   which was at all times adequate and comported with applicable standards of care and law.

8   Defendants are without knowledge or information sufficient to form a belief as to the truth of

9   the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

10  Defendants deny remaining the allegations in this paragraph of the Complaint.

11         Answering the unnumbered paragraph following Paragraph 15 of the Complaint,

12  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage,

13  and deny the remaining allegations in this paragraph of the Complaint.

14  16.    Defendants admit that Bextra® is in a class of drugs that is, at times, referred to as non-

15  steroidal anti-inflammatory drugs ("NSAIDS").  Defendants state that Bextra® was and is safe

16  and effective when used in accordance with its FDA-approved prescribing information.

17  Defendants state that the potential effects of Bextra® were and are adequately described in its

18  FDA-approved prescribing information, which was at all times adequate and comported with

19  applicable standards of care and law.  Defendants deny the remaining allegations in this

20  paragraph of the Complaint.

21  17.    The allegations in this paragraph of the Complaint are not directed toward Defendants

22  and, therefore, no response is required.  To the extent a response is deemed required,

23  Defendants state that Plaintiff fails to provide the proper context for the allegations in this

24  paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to

25  form a belief as to the truth of such allegations and, therefore, deny the same.

26  18.    The allegations in this paragraph of the Complaint are not directed toward Defendants

27  and, therefore, no response is required.  To the extent a response is deemed required,

28  Defendants state that Plaintiff fails to provide the proper context for the allegations in this

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to

2   form a belief as to the truth of such allegations and, therefore, deny the same.

3   19.    Plaintiff fails to provide the proper context for the allegations in this paragraph of the

4   Complaint. Defendants lack sufficient information or knowledge to form a belief as to the truth

5   of such allegations and, therefore, deny the same.

6   20.    Defendants state that Plaintiff's allegations regarding "predecessors in interest" are

7   vague and ambiguous. Defendants are without knowledge or information to form a belief as to

8   the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful

9   conduct and deny the remaining allegations in this paragraph of the Complaint.

10  21.    Plaintiff does not allege having used Celebrex® in this Complaint. Nevertheless,

11  Defendants admit that Celebrex® was launched in the United States in February 1999.

12  Defendants state that Celebrex® was and is safe and effective when used in accordance with its

13  FDA-approved prescribing information. Defendants admit that, during certain periods of time,

14  Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

15  prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

16  with their approval by the FDA. Defendants admit that, during certain periods of time,

17  Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

18  promoted and distributed Celebrex® in the United States to be prescribed by healthcare

19  providers who are by law authorized to prescribe drugs in accordance with their approval by the

20  FDA. The allegations in this paragraph of the Complaint regarding Merck and Vioxx® are not

21  directed toward Defendants and, therefore, no response is required. To the extent a response is

22  deemed required, Defendants state that Plaintiff fails to provide the proper context for the

23  allegations in this paragraph of the Complaint regarding Merck and Vioxx®. Defendants

24  therefore lack sufficient information or knowledge to form a belief as to the truth of such

25  allegations and, therefore, deny the same. Defendants deny the remaining allegations in this

26  paragraph of the Complaint.

27  22.    Defendants admit that the New Drug Application for Bextra® was filed with the FDA

28  on January 15, 2001. Defendants admit, as indicated in the package insert approved by the

1    FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis

2    and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.

3    Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and

4    ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of

5    such allegations, and, therefore, deny the same.  Defendants deny the remaining allegations in

6    this paragraph of the Complaint.

7    23.      Defendants admit that Bextra® was approved by the FDA on November 16, 2001.

8    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is

9    indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid

10   arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny the remaining

11   allegations in this paragraph of the Complaint.

12   24.      Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

13   is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

14   rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny

15   the remaining allegations in this paragraph of the Complaint.

16   25.      Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

17   is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

18   rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state

19   that Bextra® was and is safe and effective when used in accordance with its FDA-approved

20   prescribing information.  Defendants state that the potential effects of Bextra® were and are

21   adequately described in its FDA-approved prescribing information, which at all times was

22   adequate and comported with applicable standards of care and law.  Defendants deny the

23   remaining allegations in this paragraph of the Complaint.

24   26.      Defendants state that Bextra® was and is safe and effective when used in accordance

25   with its FDA-approved prescribing information.  Defendants state that the potential effects of

26   Bextra® were and are adequately described in its FDA-approved prescribing information,

27   which at all times was adequate and comported with applicable standards of care and law.

28   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

27.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the remaining allegations in this paragraph of the Complaint.

28.    The allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is necessary. Should a response be deemed necessary, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

29.    Defendants admit that the New Drug Application for Bextra® was filed with the FDA on January 15, 2001. Defendants admit that Bextra® was approved by the FDA, on November 16, 2001. Defendants deny any wrongful conduct and the remaining allegations in this paragraph of the Complaint.

30.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Defendants deny the allegations in this paragraph of the Complaint.

2    31.    Defendants state that Bextra® was and is safe and effective when used in accordance

3    with its FDA-approved prescribing information.    Defendants deny the allegations in this

4    paragraph of the Complaint.

5    32.    Defendants state that the referenced FDA Talk Paper for Bextra® speaks for itself and

6    respectfully refer the Court to the Talk Paper for its actual language and text.    Any attempt to

7    characterize the Talk Paper is denied.    Defendants deny the remaining allegations in this

8    paragraph of the Complaint.

9    33.    Defendants state that the referenced article speaks for itself and respectfully refer the

10    Court to the article for its actual language and text.    Any attempt to characterize the article is

11    denied.    Defendants deny the remaining allegations in this paragraph of the Complaint.

12    34.    Plaintiff fails to provide the proper context for the allegations concerning the "post-drug

13    approval meta-analysis study" in this paragraph of the Complaint.    Defendants are without

14    sufficient information to confirm or deny such allegations and, therefore, deny the same.

15    Defendants state that the referenced study speaks for itself and respectfully refer the Court to

16    the study for its actual language and text.    Any attempt to characterize the study is denied.

17    Defendants deny the remaining allegations in this paragraph of the Complaint.

18    35.    The allegations in this paragraph of the Complaint are not directed towards Defendants

19    and, therefore, no response is necessary.    Should a response be deemed necessary, Defendants

20    state that the referenced article speaks for itself and respectfully refer the Court to the article for

21    its actual language and text.    Any attempt to characterize the article is denied.    Defendants deny

22    the remaining allegations in this paragraph of the Complaint.

23    36.    Defendants state that Bextra® was and is safe and effective when used in accordance

24    with its FDA-approved prescribing information.    Defendants deny any wrongful conduct and

25    deny the remaining allegations in this paragraph of the Complaint.

26    37.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself

27    and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language

28    and text.    Any attempt to characterize the Alert for Healthcare Professionals is denied.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Defendants deny the remaining allegations in this paragraph of the Complaint.

38.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text.    Any attempt to characterize the Alert for Healthcare Professionals is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

39.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.    Any attempt to characterize the article is denied.    Defendants deny the remaining allegations in this paragraph of the Complaint.

40.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.    Defendants deny the remaining allegations in this paragraph of the Complaint.

41.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.    Any attempt to characterize the article is denied.    Defendants deny the remaining allegations in this paragraph of the Complaint.

42.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.    Any attempt to characterize the article is denied.    Defendants deny the remaining allegations in this paragraph of the Complaint.

43.    Defendants state that the referenced articles speak for themselves and respectfully refer the Court to the articles for their actual language and text.    Any attempt to characterize the articles is denied.    Defendants deny the remaining allegations in this paragraph of the Complaint.

44.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.    Any attempt to characterize the article is denied.    Defendants deny the remaining allegations in this paragraph of the Complaint.

45.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.    Defendants deny the allegations in this paragraph of the Complaint.

46.    Defendants state that the referenced article speaks for itself and respectfully refer the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Court to the article for its actual language and text.  Any attempt to characterize the article is

2    denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

3    paragraph of the Complaint.

4    47.    The allegations in this paragraph of the Complaint are not directed towards Defendants

5    and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants

6    state that the referenced article speaks for itself and respectfully refer the Court to the article for

7    its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny

8    the remaining allegations in this paragraph of the Complaint.

9    48.    Defendants state that Bextra® was and is safe and effective when used in accordance

10   with its FDA-approved prescribing information.  Defendants state that the potential effects of

11   Bextra® were and are adequately described in its FDA-approved prescribing information,

12   which was at all times adequate and comported with applicable standards of care and law.

13   Defendants deny the allegations in this paragraph of the Complaint.

14   49.    Defendants state that Bextra® was and is safe and effective when used in accordance

15   with its FDA-approved prescribing information.  Defendants state that the potential effects of

16   Bextra® were and are adequately described in its FDA-approved prescribing information,

17   which was at all times adequate and comported with applicable standards of care and law.

18   Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

19   allegations in this paragraph of the Complaint.

20   50.    Defendants state that Bextra® was and is safe and effective when used in accordance

21   with its FDA-approved prescribing information.  Defendants state that the potential effects of

22   Bextra® were and are adequately described in its FDA-approved prescribing information,

23   which was at all times adequate and comported with applicable standards of care and law.

24   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

25   the Complaint.

26   51.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

27   and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

28   by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct and deny the allegations in this paragraph of the Complaint.

52.    The allegations in this paragraph of the Complaint regarding Vioxx® are not directed toward Defendants and, therefore, no response is required. To the extent a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint regarding Vioxx®. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

53.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

54.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

ANSWER TO COMPLAINT – 3:08-cv-1008-CRB

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

2   effective when used in accordance with its FDA-approved prescribing information.  Defendants

3   state that the potential effects of Bextra® were and are adequately described in its FDA-

4   approved prescribing information, which was at all times adequate and comported with

5   applicable standards of care and law.  Defendants deny the remaining allegations in this

6   paragraph of the Complaint.

7   55.     Defendants state that Bextra® was and is safe and effective when used in accordance

8   with its FDA-approved prescribing information.  Defendants state that the potential effects of

9   Bextra® were and are adequately described in its FDA-approved prescribing information,

10  which was at all times adequate and comported with applicable standards of care and law.

11  Defendants deny any wrongful conduct, deny that Bextra® is unreasonably dangerous, and

12  deny the remaining allegations in this paragraph of the Complaint.

13  56.     Defendants admit that the FDA Division of Drug Marketing, Advertising, and

14  Communications ("DDMAC") sent a letter to Pfizer dated January 10, 2005.  Defendants state

15  that the referenced letter speaks for itself and respectfully refer the Court to the letter for its

16  actual language and text.  Any attempt to characterize the letter is denied.  Defendants admit

17  that the DDMAC sent a letter to Searle dated October 6, 1999.  Defendants state that the

18  referenced letter speaks for itself and respectfully refer the Court to the letter for its actual

19  language and text.  Any attempt to characterize the letter is denied.  Defendants state that the

20  transcripts of the FDA Arthritis Drugs Advisory Committee hearings speak for themselves and

21  respectfully refer the Court to the transcripts for their actual language and text.  Any attempt to

22  characterize the transcripts is denied.  Defendants state that the referenced study speaks for

23  itself and respectfully refer the Court to the article for its actual language and text.  Any attempt

24  to characterize the article is denied.  Defendants deny the remaining allegations in this

25  paragraph of the Complaint.

26  57.     Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

27  is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

28  rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-14-

that the referenced press release speaks for itself and respectfully refer the Court to the press release for its actual language and text. Any attempt to characterize the press release is denied. Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

58.     Defendants state that the referenced press release speaks for itself and respectfully refer the Court to the press release for its actual language and text. Any attempt to characterize the press release is denied. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

59.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants deny the remaining allegations in this paragraph of the Complaint.

60.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and

2    ambiguous. Defendants are without knowledge or information to form a belief as to the truth of

3    such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct, deny

4    that Bextra® is defective, and deny the allegations in this paragraph of the Complaint.

5    61.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

6    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

7    by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants

8    admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

9    which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

10   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

11   accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and

12   effective when used in accordance with its FDA-approved prescribing information. Defendants

13   state that the potential effects of Bextra® were and are adequately described in its FDA-

14   approved prescribing information, which was at all times adequate and comported with

15   applicable standards of care and law. Defendants deny the remaining allegations in this

16   paragraph of the Complaint.

17   62.    Defendants state that Bextra® was and is safe and effective when used in accordance

18   with its FDA-approved prescribing information. Defendants state that the potential effects of

19   Bextra® were and are adequately described in its FDA-approved prescribing information,

20   which at all times was adequate and comported with applicable standards of care and law.

21   Defendants deny the remaining allegations in this paragraph of the Complaint.

22   63.    Defendants state that Bextra® was and is safe and effective when used in accordance

23   with its FDA-approved prescribing information. Defendants state that the potential effects of

24   Bextra® were and are adequately described in its FDA-approved prescribing information,

25   which was at all times adequate and comported with applicable standards of care and law.

26   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

27   the Complaint.

28   64.    Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    with its FDA-approved prescribing information.  Defendants state that the potential effects of

2    Bextra® were and are adequately described in its FDA-approved prescribing information,

3    which was at all times adequate and comported with applicable standards of care and law.

4    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

5    the Complaint.

6    65.    Defendants deny the allegations in this paragraph of the Complaint.

7    66.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

8    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

9    by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

10   admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

11   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

12   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

13   accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

14   effective when used in accordance with its FDA-approved prescribing information.  Defendants

15   state that the potential effects of Bextra® were and are adequately described in its FDA-

16   approved prescribing information, which was at all times adequate and comported with

17   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

18   remaining allegations in this paragraph of the Complaint.

19   67.    Defendants are without knowledge or information sufficient to form a belief as to the

20   truth of the allegations regarding and whether Plaintiff used Bextra® and, therefore, deny the

21   same.  Defendants state that the referenced press releases speak for themselves and respectfully

22   refer the Court to the press releases for their actual language and text.   Any attempt to

23   characterize the press releases is denied.  Defendants state that Bextra® was and is safe and

24   effective when used in accordance with its FDA-approved prescribing information.  Defendants

25   state that the potential effects of Bextra® were and are adequately described in its FDA-

26   approved prescribing information, which was at all times adequate and comported with

27   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

28   remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

68.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding and whether Plaintiff used Bextra® and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

69.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

70.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

71.     Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

72.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law

1    authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit

2    that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

3    developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be

4    prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

5    with their approval by the FDA. Defendants deny any wrongful conduct and deny the

6    remaining allegations in this paragraph of the Complaint.

7    73.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

8    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

9    by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants

10   admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

11   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

12   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

13   accordance with their approval by the FDA. Defendants deny the remaining allegations in this

14   paragraph of the Complaint.

15              **Response to First Cause of Action: Negligence**

16   74.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

17   Complaint as if fully set forth herein.

18   75.    Defendants state that this paragraph of the Complaint contains legal contentions to

19   which no response is deemed required. To the extent a response is deemed required,

20   Defendants admit that they had duties as are imposed by law but deny having breached such

21   duties. Defendants state that the potential effects of Bextra® were and are adequately described

22   in its FDA-approved prescribing information, which was at all times adequate and comported

23   with applicable standards of care and law. Defendants state that Bextra® was and is safe and

24   effective when used in accordance with its FDA-approved prescribing information. Defendants

25   deny the remaining allegations in this paragraph of the Complaint.

26   76.    Defendants state that this paragraph of the Complaint contains legal contentions to

27   which no response is deemed required. To the extent a response is deemed required,

28   Defendants admit that they had duties as are imposed by law but deny having breached such

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    duties.  Defendants state that Bextra® was and is safe and effective when used in accordance

2    with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

3    this paragraph of the Complaint.

4    77.    Defendants state that this paragraph of the Complaint contains legal contentions to

5    which no response is required.  To the extent that a response is deemed required, Defendants

6    admit that they had duties as are imposed by law but deny having breached such duties.

7    Defendants state that Bextra® was and is safe and effective when used in accordance with its

8    FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

9    were and are adequately described in its FDA-approved prescribing information, which was at

10   all times adequate and comported with applicable standards of care and law.  Defendants deny

11   any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint,

12   including all subparts.

13   78.    Defendants state that Bextra® was and is safe and effective when used in accordance

14   with its FDA-approved prescribing information.  Defendants state that the potential effects of

15   Bextra® were and are adequately described in its FDA-approved prescribing information,

16   which was at all times adequate and comported with applicable standards of care and law.

17   Defendants are without knowledge or information sufficient to form a belief as to the truth of

18   the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

19   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

20   the Complaint.

21   79.    Defendants state that Bextra® was and is safe and effective when used in accordance

22   with its FDA-approved prescribing information.  Defendants state that the potential effects of

23   Bextra® were and are adequately described in its FDA-approved prescribing information,

24   which was at all times adequate and comported with applicable standards of care and law.

25   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

26   the Complaint.

27   80.    Defendants state that Bextra® was and is safe and effective when used in accordance

28   with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

81.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

82.    The allegations in this paragraph of the Complaint regarding Vioxx® are not directed toward Defendants and, therefore, no response is required.  To the extent a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint regarding Vioxx®.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

83.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

84.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

85.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph 85 of the Complaint, Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

## Response to Second Cause of Action: Strict Liability

86.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Complaint as if fully set forth herein.

2    87.    Defendants are without knowledge or information sufficient to form a belief as to the

3    truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

4    Defendants admit that Bextra® was expected to reach consumers without substantial change in

5    the condition from the time of sale.  Defendants state that Bextra® was and is safe and effective

6    when used in accordance with its FDA-approved prescribing information.  Defendants state that

7    the potential effects of Bextra® were and are adequately described in its FDA-approved

8    prescribing information, which was at all times adequate and comported with applicable

9    standards of care and law.  Defendants deny that Bextra® is defective or unreasonably

10   dangerous, and deny the remaining allegations in this paragraph of the Complaint, including all

11   subparts.

12   88.    Defendants state that Bextra® was and is safe and effective when used in accordance

13   with its FDA-approved prescribing information.  Defendants state that the potential effects of

14   Bextra® were and are adequately described in its FDA-approved prescribing information,

15   which was at all times adequate and comported with applicable standards of care and law.

16   Defendants deny the allegations in this paragraph of the Complaint.

17   89.    Defendants state that Bextra® was and is safe and effective when used in accordance

18   with its FDA-approved prescribing information.  Defendants state that the potential effects of

19   Bextra® were and are adequately described in its FDA-approved prescribing information,

20   which was at all times adequate and comported with applicable standards of care and law.

21   Defendants deny that Bextra® is defective or unreasonably dangerous, and deny the remaining

22   allegations in this paragraph of the Complaint.

23   90.    Defendants state that Bextra® was and is safe and effective when used in accordance

24   with its FDA-approved prescribing information.  Defendants state that the potential effects of

25   Bextra® were and are adequately described in its FDA-approved prescribing information,

26   which was at all times adequate and comported with applicable standards of care and law.

27   Defendants deny that Bextra® is defective or unreasonably dangerous, and deny the remaining

28   allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-22-
ANSWER TO COMPLAINT – 3:08-cv-1008-CRB

1    91.    Defendants state that this paragraph of the Complaint contains legal contentions to

2    which no response is required.  To the extent that a response is deemed required, Defendants

3    are without knowledge or information sufficient to form a belief as to the truth of the

4    allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.  Defendants

5    state that Bextra® was and is safe and effective when used in accordance with its FDA-

6    approved prescribing information.  Defendants state that the potential effects of Bextra® were

7    and are adequately described in its FDA-approved prescribing information, which was at all

8    times adequate and comported with applicable standards of care and law.  Defendants deny that

9    Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this

10   paragraph of the Complaint, including all subparts.

11   92.    Defendants are without knowledge or information sufficient to form a belief as to the

12   truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

13   Defendants state that Bextra® was and is safe and effective when used in accordance with its

14   FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

15   were and are adequately described in its FDA-approved prescribing information, which was at

16   all times adequate and comported with applicable standards of care and law.  Defendants deny

17   that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this

18   paragraph of the Complaint.

19   93.    Defendants are without knowledge or information sufficient to form a belief as to the

20   truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

21   Defendants state that Bextra® was and is safe and effective when used in accordance with its

22   FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

23   were and are adequately described in its FDA-approved prescribing information, which was at

24   all times adequate and comported with applicable standards of care and law.  Defendants deny

25   that Bextra® is defective and deny the remaining allegations in this paragraph of the Complaint.

26   94.    Defendants state that this paragraph of the Complaint contains legal contentions to

27   which no response is deemed required.   To the extent a response is deemed required,

28   Defendants deny the allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

95.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

96.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

97.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

1  98.    Defendants state that Bextra® was and is safe and effective when used in accordance

2  with its FDA-approved prescribing information.  Defendants state that the potential effects of

3  Bextra® were and are adequately described in its FDA-approved prescribing information,

4  which was at all times adequate and comported with applicable standards of care and law.

5  Defendants deny the remaining allegations in this paragraph of the Complaint.

6  99.    Defendants state that this paragraph of the Complaint contains legal contentions to

7  which no response is deemed required.   To the extent a response is deemed required,

8  Defendants admit that they had duties as are imposed by law but deny having breached such

9  duties.  Defendants state that Bextra® was and is safe and effective when used in accordance

10  with its FDA-approved prescribing information.  Defendants state that the potential effects of

11  Bextra® were and are adequately described in its FDA-approved prescribing information,

12  which was at all times adequate and comported with applicable standards of care and law.

13  Defendants deny the remaining allegations in this paragraph of the Complaint.

14  100.    Defendants are without knowledge or information sufficient to form a belief as to the

15  truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

16  Defendants state that Bextra® was and is safe and effective when used in accordance with its

17  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

18  were and are adequately described in its FDA-approved prescribing information, which was at

19  all times adequate and comported with applicable standards of care and law.  Defendants deny

20  the remaining allegations in this paragraph of the Complaint.

21  101.    Defendants state that Bextra® was and is safe and effective when used in accordance

22  with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and

23  deny the remaining allegations in this paragraph of the Complaint.

24  102.     Defendants state that Bextra® was and is safe and effective when used in accordance

25  with its FDA-approved prescribing information.  Defendants state that the potential effects of

26  Bextra® were and are adequately described in its FDA-approved prescribing information,

27  which was at all times adequate and comported with applicable standards of care and law.

28  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    the Complaint.

2    103.    Defendants state that Bextra® was and is safe and effective when used in accordance

3    with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny

4    that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this

5    paragraph of the Complaint.

6    104.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

7    damage, and deny the remaining allegations in this paragraph of the Complaint.

8    105.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

9    damage, and deny the remaining allegations in this paragraph of the Complaint.

10   Answering the unnumbered paragraph following Paragraph 105 of the Complaint, Defendants

11   deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the

12   remaining allegations in this paragraph of the Complaint.

13   <u>**Response to Third Cause of Action: Breach of Express Warranty**</u>

14   106.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

15   Complaint as if fully set forth herein.

16   107.    Defendants are without knowledge or information sufficient to form a belief as to the

17   truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

18   Defendants state that Bextra® was and is safe and effective when used in accordance with its

19   FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

20   were and are adequately described in its FDA-approved prescribing information, which was at

21   all times adequate and comported with applicable standards of care and law.  Defendants admit

22   that they provided FDA-approved prescribing information regarding Bextra®.  Defendants

23   deny the remaining allegations in this paragraph of the Complaint.

24   108.    Defendants are without knowledge or information sufficient to form a belief as to the

25   truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

26   Defendants state that Bextra® was and is safe and effective when used in accordance with its

27   FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

28   were and are adequately described in its FDA-approved prescribing information, which was at

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants deny the remaining allegations in this paragraph of the Complaint, including all subparts.

109.    Defendants deny the allegations in this paragraph of the Complaint.

110.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants deny the remaining allegations in this paragraph of the Complaint.

111.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants deny any wrongful conduct the remaining allegations in this paragraph of the Complaint.

112.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants deny the remaining allegations in this paragraph of the Complaint.

113.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

114.    Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny

2   that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this

3   paragraph of the Complaint.

4   115.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

5   damage, and deny the remaining allegations in this paragraph of the Complaint.

6   116.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

7   damage, and deny the remaining allegations in this paragraph of the Complaint.

8   Answering the unnumbered paragraph following Paragraph 116 of the Complaint, Defendants

9   deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the

10  remaining allegations in this paragraph of the Complaint.

11              **Response to Fourth Cause of Action: Breach of Implied Warranty**

12  117.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

13  Complaint as if fully set forth herein.

14  118.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

15  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

16  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

17  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

18  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

19  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

20  accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

21  paragraph of the Complaint.

22  119.    Defendants admit that they provided FDA-approved prescribing information regarding

23  Bextra®.  Defendants admit, as indicated in the package insert approved by the FDA, that

24  Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

25  rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state

26  that Bextra® was and is safe and effective when used in accordance with its FDA-approved

27  prescribing information.  Defendants deny the remaining allegations in this paragraph of the

28  Complaint.

1    120.    Defendants are without knowledge or information sufficient to form a belief as to the

2    truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

3    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is

4    indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid

5    arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny the remaining

6    allegations in this paragraph of the Complaint.

7    121.    Defendants are without knowledge or information sufficient to form a belief as to the

8    truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

9    Defendants state that Bextra® was and is safe and effective when used in accordance with its

10   FDA-approved prescribing information.  Defendants deny the remaining allegations in this

11   paragraph of the Complaint.

12   122.    Defendants are without knowledge or information sufficient to form a belief as to the

13   truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

14   Defendants state that Bextra® was expected to reach consumers without substantial change in

15   the condition from the time of sale.  Defendants deny the remaining allegations in this

16   paragraph of the Complaint.

17   123.    Defendants are without knowledge or information sufficient to form a belief as to the

18   truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

19   Defendants state that Bextra® was and is safe and effective when used in accordance with its

20   FDA-approved prescribing information.  Defendants deny any wrongful conduct and deny the

21   remaining allegations in this paragraph of the Complaint.

22   124.    Defendants state that Bextra® was and is safe and effective when used in accordance

23   with its FDA-approved prescribing information.  Defendants state that the potential effects of

24   Bextra® were and are adequately described in its FDA-approved prescribing information,

25   which was at all times adequate and comported with applicable standards of care and law.

26   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

27   the Complaint.

28   125.    Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

126.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

127.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph 127 of the Complaint, Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fifth Cause of Action: Fraudulent Misrepresentation & Concealment**

128.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

129.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is deemed required.   To the extent a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

130.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

131.    Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

132.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

133.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

134.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

135.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

136.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

137.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

2    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

3    the Complaint.

4    138.    Defendants deny any wrongful conduct and deny the remaining allegations in this

5    paragraph of the Complaint.

6    139.    Defendants are without knowledge or information sufficient to form a belief as to the

7    truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

8    Defendants state that Bextra® was and is safe and effective when used in accordance with its

9    FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

10   were and are adequately described in its FDA-approved prescribing information, which was at

11   all times adequate and comported with applicable standards of care and law.  Defendants deny

12   any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

13   140.    Defendants state that Bextra® was and is safe and effective when used in accordance

14   with its FDA-approved prescribing information.  Defendants state that the potential effects of

15   Bextra® were and are adequately described in its FDA-approved prescribing information,

16   which was at all times adequate and comported with applicable standards of care and law.

17   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

18   the Complaint.

19   141.    Defendants state that Bextra® was and is safe and effective when used in accordance

20   with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny

21   that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this

22   paragraph of the Complaint.

23   142.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

24   damage, and deny the remaining allegations in this paragraph of the Complaint.

25   143.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

26   damage, and deny the remaining allegations in this paragraph of the Complaint.

27   Answering the unnumbered paragraph following Paragraph 143 of the Complaint, Defendants

28   deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  remaining allegations in this paragraph of the Complaint.

2  **Response to Sixth Cause of Action: Unjust Enrichment**

3  144.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

4  Complaint as if fully set forth herein.

5  145.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

6  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

7  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

8  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

9  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

10  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

11  accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

12  paragraph of the Complaint.

13  146.    Defendants are without knowledge or information sufficient to form a belief as to the

14  truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

15  Defendants deny the remaining allegations in this paragraph of the Complaint.

16  147.    Defendants are without knowledge or information sufficient to form a belief as to the

17  truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

18  Defendants deny the remaining allegations in this paragraph of the Complaint.

19  148.    Defendants are without knowledge or information sufficient to form a belief as to the

20  truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

21  Defendants state that Bextra® was and is safe and effective when used in accordance with its

22  FDA-approved prescribing information.   Defendants deny the remaining allegations in this

23  paragraph of the Complaint.

24  149.    Defendants are without knowledge or information sufficient to form a belief as to the

25  truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

26  Defendants deny the remaining allegations in this paragraph of the Complaint.

27       Answering the unnumbered paragraph following Paragraph 149 of the Complaint,

28  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

ANSWER TO COMPLAINT – 3:08-cv-1008-CRB

1    and deny the remaining allegations in this paragraph of the Complaint.

2                            **Response to Prayer for Relief**

3        Answering the unnumbered paragraph of the Complaint headed "Prayer for Relief,"

4    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage,

5    and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

6                                    **III.**

7                            **GENERAL DENIAL**

8        Defendants deny all allegations and/or legal conclusions set forth in Plaintiff's

9    Complaint that have not been previously admitted, denied, or explained.

10                                    **IV.**

11                        **AFFIRMATIVE DEFENSES**

12       Defendants reserve the right to rely upon any of the following or additional defenses to

13   claims asserted by Plaintiff to the extent that such defenses are supported by information

14   developed through discovery or evidence at trial.  Defendants affirmatively show that:

15                            **First Defense**

16   1.    The Complaint fails to state a claim upon which relief can be granted.

17                            **Second Defense**

18   2.    Bextra® is a prescription medical product.  The federal government has preempted the

19   field of law applicable to the labeling and warning of prescription medical products.

20   Defendants' labeling and warning of Bextra® was at all times in compliance with applicable

21   federal law.  Plaintiff's causes of action against Defendants, therefore, fail to state a claim upon

22   which relief can be granted; such claims, if allowed, would conflict with applicable federal law

23   and violate the Supremacy Clause of the United States Constitution.

24                            **Third Defense**

25   3.    At all relevant times, Defendants provided proper warnings, information and

26   instructions for the drug in accordance with generally recognized and prevailing standards in

27   existence at the time.

28

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

1

**Fourth Defense**

2    4.    At all relevant times, Defendants' warnings and instructions with respect to the use of

3    Bextra® conformed to the generally recognized, reasonably available, and reliable state of

4    knowledge at the time the drug was manufactured, marketed and distributed.

5

**Fifth Defense**

6    5.    Plaintiff's action is time-barred as it is filed outside of the time permitted by the

7    applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

8

**Sixth Defense**

9    6.    Plaintiff's action is barred by the statute of repose.

10

**Seventh Defense**

11    7.    Plaintiff's claims against Defendants are barred to the extent Plaintiff was contributorily

12    negligent, actively negligent or otherwise failed to mitigate their damages, and any recovery by

13    Plaintiff should be diminished accordingly.

14

**Eighth Defense**

15    8.    The proximate cause of the loss complained of by Plaintiff is not due to any acts or

16    omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the

17    part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not

18    liable in any way.

19

**Ninth Defense**

20    9.    The acts and/or omissions of unrelated third parties as alleged constituted independent,

21    intervening causes for which Defendants cannot be liable.

22

**Tenth Defense**

23    10.    Any injuries or expenses incurred by Plaintiff were not caused by Bextra®, but were

24    proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act

25    of God.

26

**Eleventh Defense**

27    11.    Defendants affirmatively deny that they violated any duty owed to Plaintiff.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

### Twelfth Defense

12.    A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Bextra® is a prescription medical product, available only on the order of a licensed physician.  Bextra® provided an adequate warning to Plaintiff's treating and prescribing physicians.

### Thirteenth Defense

13.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

### Fourteenth Defense

14.    Bextra® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Bextra® at the time of the occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

### Fifteenth Defense

15.    Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the Bextra® allegedly ingested by Plaintiff was prepared in accordance with the applicable standard of care.

### Sixteenth Defense

16.    Plaintiff's alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Bextra® after the product left the control of Defendants and any liability of Defendants is therefore barred.

### Seventeenth Defense

17.    Plaintiff's alleged damages were not caused by any failure to warn on the part of Defendants.

### Eighteenth Defense

18.    Plaintiff's alleged injuries/damages, if any, were the result of preexisting or subsequent

1    conditions unrelated to Bextra®.

2                          **Nineteenth Defense**

3    19.    Plaintiff knew or should have known of any risk associated with Bextra®; therefore, the

4    doctrine of assumption of the risk bars or diminishes any recovery.

5                          **Twentieth Defense**

6    20.    Plaintiff is barred from recovering against Defendants because Plaintiff's claims are

7    preempted in accordance with the Supremacy Clause of the United States Constitution and by

8    the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

9                         **Twenty-first Defense**

10   21.    Plaintiff's claims are barred in whole or in part under the applicable state law because

11   the subject pharmaceutical product at issue was subject to and received pre-market approval by

12   the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

13                       **Twenty-second Defense**

14   22.    The manufacture, distribution and sale of the pharmaceutical product referred to in

15   Plaintiff's Complaint was at all times in compliance with all federal regulations and statutes,

16   and Plaintiff's causes of action are preempted.

17                        **Twenty-third Defense**

18   23.    Plaintiff's claims are barred in whole or in part by the deference given to the primary

19   jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at

20   issue under applicable federal laws, regulations, and rules.

21                        **Twenty-fourth Defense**

22   24.    Plaintiff's claims are barred in whole or in part because there is no private right of

23   action concerning matters regulated by the Food and Drug Administration under applicable

24   federal laws, regulations, and rules.

25                         **Twenty-fifth Defense**

26   25.    Plaintiff's claims are barred in whole or in part because Defendants provided adequate

27   "direction or warnings" as to the use of the subject pharmaceutical product within the meaning

28   of Comment j to Section 402A of the Restatement (Second) of Torts.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Twenty-sixth Defense**

26.    Plaintiff's claims are barred or limited to a product liability failure to warn claim because Bextra® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

**Twenty-seventh Defense**

27.    Plaintiff's claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

**Twenty-eighth Defense**

28.    Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

**Twenty-ninth Defense**

29.    To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead facts sufficient under the law to justify an award of punitive damages.

**Thirtieth Defense**

30.    Defendants affirmatively aver that the imposition of punitive damages in this case would violate Defendants' rights to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitutions of the States of California and New Mexico, and would additionally violate Defendants' rights to substantive due process under the Fourteenth Amendment of the United States Constitution.

**Thirty-first Defense**

31.    Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution.

**Thirty-second Defense**

32.    The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

**Thirty-third Defense**

33.    Plaintiff's punitive damage claims are preempted by federal law.

**Thirty-fourth Defense**

34.    In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

**Thirty-fifth Defense**

35.    Plaintiff failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

**Thirty-sixth Defense**

36.    To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

**Thirty-seventh Defense**

37.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

**Thirty-eighth Defense**

38.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitutions of the States of California and New Mexico.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    punitive damages; (3)  permits recovery of punitive damages based on out-of-state conduct,

2    conduct that complied with applicable law, or conduct that was not directed, or did not

3    proximately cause harm, to Plaintiff; (4) permits recovery of punitive damages in an amount

4    that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to

5    the amount of compensatory damages, if any; (5) permits jury consideration of net worth or

6    other financial information relating to Defendants; (6) lacks constitutionally sufficient standards

7    to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks

8    constitutionally sufficient standards for appellate review of punitive damages awards; and (8)

9    otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific*

10   *Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *TXO Production Corp. v. Alliance Resources,*

11   *Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State*

12   *Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

13                                     **Thirty-ninth Defense**

14   39.    The methods, standards, and techniques utilized with respect to the manufacture, design,

15   and marketing of Bextra®, if any, used in this case, included adequate warnings and

16   instructions with respect to the product's use in the package insert and other literature, and

17   conformed to the generally recognized, reasonably available, and reliable state of the

18   knowledge at the time the product was marketed.

19                                     **Fortieth Defense**

20   40.    The claims asserted in the Complaint are barred because Bextra® was designed, tested,

21   manufactured and labeled in accordance with the state-of-the-art industry standards existing at

22   the time of the sale.

23                                     **Forty-first Defense**

24   41.    If Plaintiff sustained injuries or losses as alleged in the Complaint, upon information and

25   belief, such injuries and losses were caused by the actions of persons not having real or

26   apparent authority to take said actions on behalf of Defendants and over whom Defendants had

27   no control and for whom Defendants may not be held accountable.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Forty-second Defense

42.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

### Forty-third Defense

43.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

### Forty-fourth Defense

44.    Plaintiff's claims are barred because Plaintiff's injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff, and were independent of or far removed from Defendants' conduct.

### Forty-fifth Defense

45.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® did not proximately cause injuries or damages to Plaintiff.

### Forty-sixth Defense

46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff did not incur any ascertainable loss as a result of Defendants' conduct.

### Forty-seventh Defense

47.    The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

### Forty-eighth Defense

48.    The claims must be dismissed because Plaintiff would have taken Bextra® even if the product labeling contained the information that Plaintiff contends should have been provided.

**Forty-ninth Defense**

49.    The claims asserted in the Complaint are barred because the utility of Bextra® outweighed its risks.

**Fiftieth Defense**

50.    Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

**Fifty-first Defense**

51.    Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if any, are determined.    Defendants seek an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiff.

**Fifty-second Defense**

52.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

**Fifty-third Defense**

53.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Bextra®.    Accordingly, Plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

**Fifty-fourth Defense**

54.    Plaintiff's misrepresentation allegations are not stated with the degree of particularity

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

2                              **Fifty-fifth Defense**

3    55.    Defendants state on information and belief that the Complaint and each purported cause

4    of action contained therein is barred by the statutes of limitations contained in California Code

5    of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation

6    as may apply.

7                              **Fifty-sixth Defense**

8    56.    Defendants state on information and belief that any injuries, losses, or damages suffered

9    by Plaintiff were proximately caused, in whole or in part, by the negligence or other actionable

10   conduct of persons or entities other than Defendants.  Therefore, Plaintiff's recovery against

11   Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

12                             **Fifty-seventh Defense**

13   57.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of

14   Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil

15   Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive

16   damages is also barred under California Civil Code § 3294(b).

17                             **Fifty-eighth Defense**

18   58.    Plaintiff has failed to allege conduct warranting imposition of punitive damages under

19   New Mexico law.

20                             **Fifty-ninth Defense**

21   59.    The standards in New Mexico governing the award and review of damages for non-

22   pecuniary damages, including damages for mental anguish and pain and suffering, are

23   impermissibly vague or simply non-existent, and are inadequate to ensure that such awards do

24   not include amounts intended as exemplary damages, which are impermissible in a

25   compensatory damages award.

26                              **Sixtieth Defense**

27   60.    Plaintiff's claims for non-pecuniary damages are unconstitutionally vague and/or

28   overbroad, and are in contravention of Defendants' rights under various provisions of the New

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   Mexico Constitution, including but not limited to Art. II §§ 4, 13, 15, 18, and 19.

2   **Sixty-first Defense**

3   61.   Defendants reserve the right to supplement their assertion of defenses as they continue

4   with their factual investigation of Plaintiff's claims.

5   **V.**

6   **PRAYER**

7   WHEREFORE, Defendants pray for judgment as follows:

8   1.   That Plaintiff take nothing from Defendants by reason of the Complaint;

9   2.   That the Complaint be dismissed;

10   3.   That Defendants be awarded their costs for this lawsuit;

11   4.   That the trier of fact determine what percentage of the combined fault or other liability

12       of all persons whose fault or other liability proximately caused Plaintiff's alleged

13       injuries, losses or damages is attributable to each person;

14   5.   That any judgment for damages against Defendants in favor of Plaintiff be no greater

15       than an amount which equals their proportionate share, if any, of the total fault or other

16       liability which proximately caused Plaintiff's injuries and damages; and

17   6.   That Defendants have such other and further relief as the Court deems appropriate.

18

19

20

21

22

23

24

25

26

27

28

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

1    March 26, 2008                                    GORDON & REES LLP

2

3                                                      By: :_____/s/_____

4                                                          Stuart M. Gordon
                                                           sgordon@gordonrees.com
5                                                          Embarcadero Center West
                                                           275 Battery Street, 20th Floor
6                                                          San Francisco, CA 94111
                                                           Telephone:  (415) 986-5900
7                                                          Fax:  (415) 986-8054

8
     March 26, 2008                                    TUCKER ELLIS & WEST LLP
9                                                      .

10

11                                                     By: :_____/s/_____

12                                                         Michael C. Zellers
                                                           michael.zellers@tuckerellis.com
13                                                         515 South Flower Street, Suite 4200
                                                           Los Angeles, CA  90071-2223
14                                                         Telephone:  (213) 430-3400
                                                           Fax:  (213) 430-3409

15                                                         Attorneys for Defendants
                                                           PFIZER INC., PHARMACIA
16                                                         CORPORATION, AND G.D. SEARLE
                                                           LLC
17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

ANSWER TO COMPLAINT – 3:08-cv-1008-CRB

1

## JURY DEMAND

2        Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC,  hereby demand a

3   trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4   Procedure.

5   March 26, 2008                              GORDON & REES LLP

6

7                                              By: :_____/s/_____

8                                                   Stuart M. Gordon
                                                    sgordon@gordonrees.com
9                                                   Embarcadero Center West
                                                    275 Battery Street, 20th Floor
10                                                  San Francisco, CA  94111
                                                    Telephone:  (415) 986-5900
11                                                  Fax:  (415) 986-8054

12

13  March 26, 2008                              TUCKER ELLIS & WEST LLP

14

15                                             By:_____/s/_____
                                                    Michael C. Zellers
16                                                  michael.zellers@tuckerellis.com
                                                    515 South Flower Street, Suite 4200
17                                                  Los Angeles, CA 90071-2223
                                                    Telephone:  (213) 430-3400
18                                                  Fax:  (213) 430-3409

19                                                  Attorneys for Defendants
                                                    PFIZER INC., PHARMACIA
20                                                  CORPORATION, AND G.D. SEARLE
                                                    LLC

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111